Davis, J.,
delivered the opinion of the court:
Plaintiff was postmaster at Gadsden, Ala., from July 1, 1866, to July 1,1870. He, in due course, following the act of 1883, applied for a readjustment of his salary, whereupon the proceedings set forth in the findings of fact took place.
The act of 1883 (22 Stat. L., 487), referring to the act of June 12, 1866, “authorized and directed the Postmaster-General to readjust salaries of postmasters of the third, fourth, and fifth classes (act of July 1, 1864) whose salaries had not been theretofore readjusted under section 8 of the act of June 12, 1866, and who made returns showing that the salary allowed was 10 per centum less than it would have been upon the basis of computation under the act of 1854. These readjustments were to be made according to the mode prescribed in the act of June 12, 1866 (sec. 8), and were “to date from the beginning of the quarter succeeding that in which such sworn returns of receipts and business or quarterly returns were made” — this to be upon written application by the postmaster.
Plaintiff accordingly made application, and November 7, 1888, the Post-Office Department made a statement from which this is an extract:
“Statement relative to the claims of Jane Yarrington and others [one of them the plaintiff] for a review of their salaries as former postmasters at the following-named offices in,the *385 State of Alabama, under the act of March 3, 1883.” In the ■list appears the name of this plaintiff described as postmaster at Gadsden; his “period of service as per application” is stated 'as from July 1, 1865, to July, 1874, and under the heading
Remarks” appears this: “The returns for the 3rd and 4th qrs. of 1864, 1st, 2nd, and 3rd qrs.' of 1865, and 1st qr. of 1866 are not on record; no review can be made to June 30, 1868. Erom July 1, 1868, to Juno 30, 1872, $186.90 was allowed. Erom July 1, 1872, to June 30, 1874, no additional amount is due.”
Plaintiff served as postmaster as Gadsden between July 1, 1866, and June 30, 1870. Under the act of 1864 (13 Stat. L., 335) he was a postmaster of the fifth class (during his first biennial term), as his adjusted salary was less than $100; in the second term, under the same act, he was of the fourth class, his salary being more than $100 and less than $1,000 per an-num. He now seeks to recover a readjusted salary of $531.90 in his first term and a readjusted salary of $1,015 in his second term ($1,582.90), less the adjusted salary heretofore paid in each of those terms.
Coming on to be heard with this case, on the merits, is defendants’ motion to dismiss the petition upon the ground that the Supreme Court and this court have decided in similar causes “ that a readjustment of a postmaster’s salary is a necessary precedent to a cause of action in a petition for relief under the act of March 3, 18’83 (22 Stat. L., 487), and the act of July, 1864 (13 Stat. L., 335).” It has been decided by the Supreme Court that an action of this nature can not succeed unless a readjustment has in fact taken place (McLean v. The United States, 95 U. S. R.., p. 750), a decision followed by the Court of Claims in Birdsong’s Case (34 C. Cls. R,., p. 437). We were at first consideration of this case on the evidence at that time before us brought to one point as decisive of this action: Did the action of the Postmaster-General amount to a readjustment under the statute?
The Postmaster-General was requested by this court to furnish it “ duly authenticated copies of the papers and documents supposed to be on file ” in the Post-Office Department “showing or tending to show what action, if any, was taken by *386 the Department upon the request of each of the claimants herein for a readjustment of salary under the following acts,” being the statutes which relate to this cause of action. In response to this request the Postmaster-General answered “that the statement hereto annexed and made a part of this reply and marked ‘ Exhibit A’ contains a full copy of the papers .named in the order of said court.” To this communication is annexed a document thus headed: “Postoffice Department, office of the First Assistant Postmaster-General. ” This is a statement relating to the claims of postmasters at certain offices (including plaintiffs) under the act of March 3, 1883. Here we find, as to Ewing, that the report shows this:
“ The returns for the 3rd and 4th qrs. of 1864; 1st, 2nd, and 3rd qrs. of 1865, and 1st qr. of 1866 are not on record; no review can be made to June 30, 1868. From July 1,1868, to June 30, 1872, $186.90 was allowed. From July 1, 1872, to June 30, 1874, no additional amount is due.”
Up to this point it appeared that the Postmaster-General was to readjust the salaries of postmasters of the class whom plaintiff represents, but it did not appear that he had done so. The case then might perhaps have fallen within the principle that where a claim is by statute made to depend upon the previous action of an executive officer no right vests until that officer has acted.
Subsequent to all this (the 19th of November, 1897) Postmaster-General Gary certified and returned to this court a readjustment of plaintiff’s salary, with documents in relation to the action of the Post-Office Department in this class of cases.
It therefore follows that it the foregoing action of Postmaster-General W anamaker is that intended by the statute, it was final. If the action of Postmaster-General Gary is that intended by the statute, the plaintiff should recover $869.
Upon the readjustment made by Postmaster-General Gary we are of opinion that the plaintiff should recover, and this result we reach for the reasons set forth by Postmaster-General Gresham, stated in the findings of fact.
Judgment for plaintiff for $869.